IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>Antonio Cruz-Alvarado and<br><br>Ernestina Cruz,<br><br>Debtors. | Case No.: 17-12457 TWD<br><br>DEBTORS' RESPONSE TO EMINENCE'S OBJECTION TO PLAN AND SUPPLEMENTAL MOTION TO DISMISS; OBJECTION TO EMINENCE'S PLEADINGS ARGUING AN ALREADY DENIED MOTION |

**PROCEDURAL BACKGROUND**

Debtors filed chapter 13 bankruptcy on May 30, 2017. Debtors and debtors' counsel attended the July10, 2017 creditors meeting. Debtors have made weekly plan payments that were received by the chapter 13 Trustee on July 5, July 10, July 17, July 24, August 1, August 8, August 15, August 21, August 28, September 5, and September 12, 2017. *See Attachment A.* On August 16, 2017, Eminence's motions to dismiss and motion to compel assumption of contract and specific performance were argued before the Court. The Court denied the motion to compel assumption or specific performance of the real estate contract, finding that the real estate contract was an executory contract. *ECF 40.* The Court continued Eminence's motion to dismiss

to September 20, 2017, because a Trustee motion to dismiss was also pending.

## RESPONSE

Debtors are under median income, thus their applicable commitment period is 36 months. *Chapter 13 Statement of Monthly Income (ECF 12).* However, their plan will not complete for approximately 60 months. The debtors' liquidation value of the estate is $8,528.00. *See ECF 43, Paragraph IX.* Debtors are required to pay at least the liquidation value of their estate to their unsecured creditors. Opposing counsel is incorrect in his assertion that "debtors propose to pay zero to their unsecured creditors." *See Supplemental Motion to Dismiss, p.3, l. 5.*

Debtors already responded to Eminence's motion to dismiss in a previous pleading and have filed a supplemental declaration to more fully show the absence of bad faith. *See Debtor's Response, p. 2-5, Declaration of Ernestina Cruz (ECF 31); Declaration of Counsel (ECF 37); Declaration of Antonio Cruz-Alvarado (ECF 52).*

Eminence has already filed a proof of claim in Debtors' bankruptcy, which is the appropriate step in seeking recovery of a claim against parties who have filed bankruptcy.

The Debtors respectfully request that the Court deny Eminence's motion to dismiss their bankruptcy for bad faith. Debtors assert that they have resolved each of the Trustee's objections in the amended plan filed on August 17, 2017 and they have filed a chapter 13 plan that will fully pay off the mortgage arrearages as well as keep current mortgage payments up to date. Debtors do not have a duty to fully fund Eminence's proof of claim in their plan, as it is an unsecured

LIBERTY LAW, L.L.C.
6108 Community Place SW, Ste. 1
DEBTORS' RESPONSE TO EMINENCE'S OBJECTION...2      Lakewood, WA 98499  T-(253)573-9111

claim. Debtors have demonstrated their good faith in filing their Chapter 13 bankruptcy by providing documents as requested to the Trustee, appearing at their creditors meeting, making appropriate amendments as discussed at the creditors meeting and making weekly plan payments.

## OBJECTION TO EMINENCE REARGUING A PREVIOUSLY DENIED MOTION

In Eminence's supplemental motion to dismiss, opposing counsel appears to be attempting to reargue the motion that the Court already denied: the motion to compel assumption or specific performance of the May 3, 2017 real estate contract. Opposing counsel offers numerous declarations, all of which speak only to the issue of whether there was an executory contract. *See Declaration of Ashley Walsh; Declaration of Cindy Bendict; Declaration of Travis Wandell.* The Court already ruled that the real estate contract was an executory contract in its oral ruling. The Court was clear in both its oral ruling and subsequent written order. *ECF 40.* Debtors object to Eminence's improper attempt to reargue a denied motion, and Debtors respond only to the properly scheduled motion: Eminence's motion to dismiss.

Dated this 15th day of September, 2017.

LIBERTY LAW, LLC

 s/ Maria S. Stirbis 
Maria S. Stirbis WSBA#26048
Attorney for Debtors

LIBERTY LAW, L.L.C.
6108 Community Place SW, Ste. 1
Lakewood, WA 98499  T-(253)573-9111

DEBTORS' RESPONSE TO EMINENCE'S OBJECTION...3